**THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| William Spiros,<br><br>                               Plaintiff,<br><br>vs.<br><br>Penn Warranty Corporation, Inc.,<br><br>                               Defendant. | **JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES WILLIAM SPIROS, by and through his attorney, Lisa M. Stauff, complaining of Defendant, Penn Warranty Corporation, Inc., as follows:

**Nature of the Case**

1. William Spiros, a former employee of Penn Warranty Corporation, Inc., sues to redress the legal and equitable wrongs he suffered when defendant discriminated against him on the basis of age, in violation of the Age Discrimination in Employment Act, 29 USC §621 *et seq*, and on the basis of disability in violation of the Americans With Disabilities Act, 42 USC §12101 *et seq,* as amended, and retaliated against Mr. Spiros for engaging in protected activity under each of those statutes.

**The Parties**

2. Plaintiff is William Spiros, a former employee of Defendant.

3. Defendant is Penn Warranty Corporation, Inc. ("Penn Warranty"), a corporation headquartered in Wilkes-Barre, Pennsylvania, and doing business in Illinois.

**Jurisdiction and Venue**

4. This Court has jurisdiction under §§1331 and 1343 of the Judicial Code. 28 U.S.C. §§1331 and 1343.

5. Mr. Spiros worked for the defendant in the Northern District of Illinois, and this cause of action arose in that District. Venue is proper under §1391(b) of the Judicial Code. 28 U.S.C. 1391(b).

**Mr. Spiros's Employment With Defendant**

6. Mr. Spiros was hired by Penn Warranty in December, 2011, as a Dealer Development Manager.

7. The Dealer Development Manager was a sales position, wherein Mr. Spiros worked with automobile dealers throughout Illinois and Indiana to sell and service warrantees for used vehicles.

8. At all times relevant to this complaint, Mr. Spiros performed his job duties at or above his employer's reasonable expectations. Mr. Spiros frequently had the best numbers of all Dealer Development Managers employed by Penn Warranty throughout the country.

9. On August 24, 2015, Mr. Spiros suffered a cardiac arrest and nearly died.

10. Mr. Spiros spent three weeks in the hospital, and did not work at all during this time.

11. After he was released from the hospital, Mr. Spiros received short term disability benefits through Penn Warranty so that he could continue to convalesce at home.

12. Penn Warranty continued to make him work, although he did not have to travel to dealers in person.

13. Mr. Spiros worked from home at least full-time hours answering dealer calls, selling warrantees and servicing existing policies.

14. In January, 2015, Mr. Spiros experienced severe chest pains and went to the emergency room.

15. When he reported the emergency room visit to his immediate supervisor, he received an email response saying that he would need to be terminated because Mr. Spiros was now a "liability."

16. Shortly thereafter, Mr. Spiros hired an attorney to talk to his employer about medical leave and a plan for going forward.

17. In response to the call from the lawyer, Penn Warranty fired Mr. Spiros on February 17, 2015, saying that "with the engagement of legal counsel, you have left us no choice."

18. Mr. Spiros was replaced by a much younger employee who was much less experienced.

19. As a result of his termination, Mr. Spiros suffered a loss of wages and benefits, and suffered extreme emotional distress and embarrassment.

**Fulfillment of Conditions Precedent**

20. Plaintiff has fulfilled all conditions precedent for bringing this action under the Americans With Disabilities Act and the Age Discrimination in Employment Act.

21. Mr. Spiros timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). See, Charge of Discrimination, attached as Exhibit 1.

22. The EEOC issued a Notice of Right to Sue on May 1, 2017. See, Notice of Right to Sue, attached as Exhibit 2.

23. In an attempt to resolve this dispute without litigation, the parties entered a tolling agreement on July 31, 2017, which extended the filing deadline to September 14, 2017. See, Tolling Agreement, attached as Exhibit 3.

**Count I: Age Discrimination**

24. Mr. Spiros re-states and realleges paragraphs 1 through 23 of this Complaint.

25. Mr. Spiros was 62 years old at the time of his termination.

26. Most of Mr. Spiros's co-workers were significantly younger and with a fraction of the experience of Mr. Spiros.

27. Mr. Spiros performed his job duties at or above his employer's reasonable expectations at all times.

28. Younger employees who worked for Defendant did not lose their jobs when they had medical issues or health problems requiring medical leave.

29. Defendant, by the actions and/or omissions alleged, discriminated against Mr. Spiros on the basis of age in the terms and conditions of his employment, in violation of the Age Discrimination in Employment Act, 29 USC §621 *et seq.*

30. At all times relevant to this Complaint, Defendant was an "employer," and Mr. Spiros was an "employee," as defined in 29 USC §630(b) and (f).

31. As a proximate result of this age discrimination, Mr. Spiros suffered the damages alleged in paragraph 19.

***Wherefore,*** Plaintiff prays for:

   a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist him and defendant to settle this case;

   b. An Order requiring Defendant to post notices concerning its duty to refrain from discriminating against its employees on the basis of age;

   c. An Order enjoining Defendant from discriminating against its employees on the basis of age;

   d. Reinstatement to his position or, in the alternative, pay for such a position for a reasonable time into the future;

   e. Back pay, employment benefits, and other compensation lost to his as a result of Defendant's discriminating against him on the basis of age;

   f. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to him as a result of Defendant's discriminating against him on the basis of age;

g.  Compensatory damages for the harm he suffered as a result of Defendant's discriminating against him on the basis of age;

h.  Reasonable attorney's fees, expert witness fees, expenses, and cost of this action and prior administrative actions; and

i.  Such other relief as this Court deems just and appropriate.

### Count II: Disability Discrimination

32. Mr. Spiros re-states and realleges paragraphs 1 through 23 of this Complaint.

33. After Mr. Spiros had his cardiac arrest, Defendant perceived Mr. Spiros as disabled.

34. The heart problems associated with Mr. Spiros's cardiac arrest substantially limit Mr. Spiros's ability to pump blood throughout his body and keep him alive.

35. Defendant believed that Mr. Spiros's perceived disability was a liability to the company.

36. Defendant initially looked like it was accommodating Mr. Spiros's disability, but instead it allowed him to work from home while it interviewed replacements for him, without his knowledge.

37. When Mr. Spiros had chest pains in January 2015, Defendant fired him because it believed his perceived disability was a liability to the company.

38. Defendant fired Mr. Spiros because it was unwilling to accommodate Mr. Spiros's perceived and actual disability.

39. Defendant, by the actions and/or omissions alleged, discriminated against Mr. Spiros on the basis of disability and/or perceived disability, in the terms and conditions of employment, and failed to accommodate a reasonable request made by Mr. Spiros of the Americans With Disabilities Act, 42 USC §12101 *et seq,* as amended.

40. At all times relevant to this Complaint, Mr. Spiros was an "employee," and Defendant was an "employer," as required by 42 USC §12111(4) and (5).

41. As a proximate result of this race discrimination, Mr. Spiros suffered the damages alleged in paragraph 19.

**Wherefore,** Plaintiff prays for:

a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist him and defendant to settle this case;

b. An Order requiring Defendant to post notices concerning its duty to refrain from discriminating against its employees on the basis of disability;

c. An Order enjoining Defendant from discriminating against its employees on the basis of disability;

d. Reinstatement to his position or, in the alternative, pay for such a position for a reasonable time into the future;

e. Back pay, employment benefits, and other compensation lost to his as a result of Defendant's discriminating against him on the basis of disability;

f. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to him as a result of Defendant's discriminating against him on the basis of disability;

g. Compensatory damages for the harm he suffered as a result of Defendant's discriminating against him on the basis of disability;

h. Reasonable attorney's fees, expert witness fees, expenses, and cost of this action and prior administrative actions; and

i. Such other relief as this Court deems just and appropriate.

## Count III: Retaliation for Protected Activity Under ADEA and ADA

42. Mr. Spiros re-states and realleges paragraphs 1 through 23 of this Complaint.

43. Mr. Spiros hired an attorney to talk to his employer about his workload and the employer's belief that Mr. Spiros was a "liability" as a result of his heart condition.

44. Once the attorney attempted to engage Defendant in a conversation about Mr. Spiros's employment conditions, Mr. Spiros was terminated.

45. Defendant told Mr. Spiros that he was fired because he hired an attorney to represent his interests.

46. Mr. Spiros's termination was in violation of the anti-retaliation provisions of the ADA and the ADEA.

47. As a result of his termination, Mr. Spiros suffered damages as alleged in paragraph 19 above.

***Wherefore,*** Plaintiff prays for a judgment in his favor, and:

    a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist the parties in the settlement of this case;

    b. An Order requiring defendant to post notices concerning its duty to refrain from retaliating against its employees who engage in protected activity;

    c. An Order enjoining defendant from retaliating against its employees who engage in protected activity;

    d. Reinstatement to his position or, in the alternative, pay for such a position for a reasonable time into the future;

    e. Back pay, employment benefits, and other compensation lost to him as a result of defendant's retaliation against him for engaging in protected activity;

    f. Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to him as a result of defendant's unlawful retaliation;

g. Compensatory damages for the harm he suffered as a result of defendant's unlawful retaliation;

h. Reasonable attorney's fees, expert witness fees, expenses, and cost of this action and prior administrative actions; and

i. Such other relief as this Court deems just and appropriate.

Respectfully submitted,
Plaintiff,
William Spiros,

By:_____
Attorney for Plaintiff

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036